UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL VASILIY KOLESNIK,

                Petitioner,

   v.

PATRICK GLEBE,

                Respondent.

No. C11-5694 BHS/KLS

ORDER

Petitioner Michael Vasiliy Kolesnik's petition for writ of habeas corpus is presently pending before the Court. Following an extension of time, the petition was re-noted for consideration on January 6, 2012. ECF No. 19. Petitioner has filed a response (ECF No. 22) but asks the Court to extend the noting date for the petition until January 13, 2012 or later, so that the Court may consider additional motions filed by Petitioner. ECF No. 20. Petitioner has filed a motion for evidentiary hearing (ECF No. 21) and motion for the appointment of a mental health expert and for leave to conduct discovery (ECF No. 23).

**BACKGROUND**

Mr. Kolesnik raises one claim in his habeas petition in which he alleges that his trial counsel provided ineffective assistance by not retaining an expert to assist in a defense of diminished capacity. ECF No. 5. Respondent answered the petition and submitted portions of the state court record. ECF Nos. 14 and 15. Respondent contends that Mr. Kolesnik is not entitled to relief under 28 U.S.C. § 2254(d) because the state court adjudication of Mr.

ORDER - 1

Kolesnik's claim was not contrary to or an unreasonable application of clearly established federal law.  ECF No. 14, at 8-18.

## DISCUSSION

**A.      Motion for Evidentiary Hearing (ECF No. 21)**

A petitioner who fails to develop the factual basis of a claim in state court is not entitled to an evidentiary hearing unless the claim relies on:

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence;
> and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. . . .

28 U.S.C. § 2254(e)(2).

"[T]he statute applies only to prisoners who have 'failed to develop the factual basis of a claim in State court proceedings.'"  *Williams v. Taylor*, 529 U.S. 420, 430 (2000).  "[A] failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."  *Id*. at 432.  "Diligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend ... upon whether those efforts could have been successful."  *Id*. at 435; *Baja v. Ducharme*, 187 F.3d 1075, 1078-79 (9th Cir. 1999).

Even if 28 U.S.C. § 2254(e)(2) does not bar an evidentiary hearing, the decision to hold a hearing is still committed to the Court's discretion.  *Schriro v. Landrigan*, 127 S. Ct. 1933, 1939-

ORDER  - 2

41 (2007). A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Id*. at 1939-40. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 127 S. Ct. at 1940. "Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id*.

In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the factual record that was before the state court. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). In *Pinholster*, the Court explained the "backward-looking language" of the statute "requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.,* the record before the state court." *Id*. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id*. at 1400.

Mr. Kolesnik seeks to avoid 28 U.S.C. § 2254(d)(1) by arguing that the state court did not adjudicate the merits of his claims. After noting that the issue had been addressed and rejected in his direct review, the Washington Court of Appeals applied the standard from *Strickland v. Washington*, 466 U.S. 668 (1984), and expressly ruled that:

> Kolesnik had undergone both a competency evaluation and an examination by the State. He does not show that his counsel's decision not to retain a defense mental health expert was deficient performance. And even if it was, he does not show a reasonable probability that the result of his trial would have been different had his

ORDER - 3

      counsel retained a defense mental health expert.  He fails to demonstrate ineffective assistance of trial counsel.

ECF No. 15, Exh. 15, at 1-2.  In denying review, the Washington Supreme Court expressly stated:

> Mr. Kolesnik claims defense counsel was ineffective because he did not retain a mental health expert to support a diminished capacity defense.  But Mr. Kolesnik raised the same issue on direct appeal.  The Court of Appeals examined the issue and rejected it on the merits, observing that defense counsel made a reasonable tactical decision to not call a defense expert witness and instead rely on potentially favorable testimony from the State's mental health expert.  *See State v. Hendrickson,* 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996) (matters of trial tactics and strategy will not support ineffectiveness claim).
>
>     Mr. Kolesnik failed to show that the interests of justice require reconsideration of this issue.  *In re Pers. Restraint of Brown,* 143 Wn.2d 431, 445, 21 P.3d 687 (2001).  And his self-serving declaration fails to establish any likelihood that counsel's decision against calling an expert witness was not a legitimate trial tactic, or that any such witness would have probably affected the outcome.  *See State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995) (petitioner must show both counsel's deficient performance and resulting prejudice).

*Id.,* Exh. 18, at 1-2.

    The record of proceedings in state court presents a sufficient factual basis to determine the merits of Petitioner's claim of ineffective assistance of counsel.  His request for an evidentiary hearing on this claim is therefore denied.

**B.**    **Motion for Appointment of Mental Health Expert/Discovery (ECF No. 23)**

    **1.**    **Appointment of Expert**

    The appointment of experts and the admission of expert testimony on a claim of ineffective assistance of counsel lies within the discretion of the Court.  *Bonin v. Calderon*, 59 F.3d 815, 837 (9th Cir. 1995); *Ainsworth v. Calderon*, 138 F.3d 787, 791 (9th Cir. 1998).  The petitioner must show the appointment of an expert is needed and appropriate for resolving the

ORDER - 4

merits of the claim. *LaGrand v. Stewart*, 133 F.3d 1253, 1270 n. 8 (9th Cir. 1998). The Court need not appoint an expert if the testimony will not be helpful. *Bonin*, 59 F.3d at 838. As noted above, this Court's review of a state court adjudication under 28 U.S.C. § 2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

Therefore, this Court may not consider the opinion of any expert that was not part of the record before the state court and Petitioner's request is denied.

**2.     Request for Discovery**

Rule 6(a) of the Rules Governing Section 2254 Cases provides:

> A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . .

Rule 6(a), 28 U.S.C. foll. § 2254.

"[T]here was no intention to extend to habeas corpus, as a matter of right, the broad discovery provisions which, even in ordinary civil litigation, were 'one of the most significant innovations' of the new rules." *Harris v. Nelson*, 394 U.S. 286, 295 (1969). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). "In federal habeas corpus actions, the parties are entitled to use discovery procedures available under the Federal Rules of Civil Procedure only with the court's permission." *Willis v. Newsome*, 771 F.2d 1445, 1447 (11th Cir. 1985). Discovery is properly limited in habeas corpus because it "is not the trial itself but a collateral attack upon a standing conviction." *Austad v. Risley*, 761 F.2d 1348, 1355 n. 4 (9th Cir. 1985). Absent a showing of good cause, a court should deny a motion for leave to conduct discovery. *Rich v. Calderon*, 187 F.3d 1064, 1067-68 (9th Cir. 1999); *McDaniel v. U.S.*

ORDER - 5

*Dist. Court*, 127 F.3d 886 (9th Cir. 1997).  To show good cause, the petitioner must set forth specific facts showing that discovery is appropriate in the particular case.  *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3rd Cir. 1994) (citing *Mayberry v. Petsock*, 821 F.2d 179, 185 (3rd Cir. 1987)).  "[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation."  *Calderon v. U.S. Dist. Court N.D. Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996).

Mr. Kolesnik has not shown how discovery is necessary or proper to resolve his claim.  As noted above, this Court's review of his claim is limited to the record that existed before the Washington state courts.  In addition, the state court records contain material relevant to Mr. Kolesnik's mental health and his claim of ineffective assistance.  Accordingly, discovery is not necessary or proper at this time.

Accordingly, it is **ORDERED:**

(1) Petitioner's motion for evidentiary hearing (ECF No. 21) and motion for appointment of mental health expert and for leave to conduct discovery (ECF No. 23) are **DENIED**.

(2) Petitioner's motion for extension of time (ECF No. 20) is **GRANTED**.

(3) The Clerk shall send a copy of this Order to Petitioner and counsel for Respondent.

**DATED** this  31st  day of January, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 6