1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
7                                    AT TACOMA

8

9    MICHAEL VASILIY KOLESNIK,

10                       Petitioner,          CASE NO. C11-5694BHS

11            v.                              ORDER ADOPTING REPORT
                                              AND RECOMMENDATION AND
12   PATRICK GLEBE,                           DISMISSING PETITION

13                       Respondent.

14

15          This matter comes before the Court on the Report and Recommendations ("R&R")

16   (Dkt. 30) issued by United States Magistrate Judge Karen L. Strombom on the petition

17   for writ of habeas corpus brought under 28 U.S.C. § 2254 by Petitioner Michael Vasiliy

18   Kolesnik ("Kolesnik"), Kolesnik's objections to the R&R (Dkt. 31), and Respondent

19   Patrick Glebe's ("Glebe") response to the objections (Dkt. 33).  Having considered the

20   R&R, Kolesnik's objections, Glebe's response, and the entire record, the Court adopts the

21   R&R and dismisses the petition for the reasons stated herein.

22

ORDER -- 1

1

# I. FACTUAL HISTORY

2          The Court will rely on the factual summary of the Washington Court of Appeals

3   found in the R&R. Dkt. 30 at 1-3 (quoting Dkt. 15, Exh. 2).  As the Magistrate Judge

4   states in the R&R, this factual summary is accorded a presumption of correctness under

5   28 U.S.C. § 2254(e)(1) (Dkt. 30 at 4).  *See Moses v. Payne*, 555 F.3d 742, 746 n.1 (9th

6   Cir. 2009).

7

# II. PROCEDURAL HISTORY

8          Kolesnik was found guilty of one count of assault following a jury trial on

9   December 6, 2006.  Dkt. 15, Exh. 1.[1]  Kolesnik appealed his conviction and the

10  Washington Court of Appeals affirmed.  *Id*., Exh. 8.  Kolesnik sought, and on April 29,

11  2009, the Washington Supreme Court denied, review.  *Id*., Exh. 9.

12         On January 28, 2010, Kolesnik filed a personal restraint petition ("PRP") in the

13  Washington Supreme Court.  *Id*., Exh. 11.  The Washington Supreme Court transferred

14  the PRP to the Washington Court of Appeals for initial consideration.  *Id*., Exh. 14.  The

15  Washington Court of Appeals denied the PRP (*id*., Exh. 15)[2] and Kolesnik sought review

16  by the Washington Supreme Court and moved to supplement the record (*id*., Exhs. 16 &

17  17).  The Commissioner of the Washington Supreme Court denied review and the motion

18  _____

19         [1] The Court notes that Kolesnik, in his objections, argues that the R&R erroneously refers
    to "two counts of first degree assault" (Dkt. 30 at 1).  The record is clear that there is only one
20  count of conviction of first degree assault.  Dkt. 15, Exh. 1.  This error is not material to the
    Court's determination on the petition.
         [2] The Court notes that Kolesnik argues that the Magistrate Judge erred in stating that his
21  petition was "denied" by the Washington Court of Appeals, rather than "dismissed."  Dkt. 31 at 2
    (citing Dkt. 30 at 4).  The Court notes that to the extent there is a distinction, any error is
22  irrelevant to the Court's determination on the petition.

1    to supplement the record. *Id.*, Exh. 18. Kolesnik moved to modify the Commissioner's

2    ruling (*id.*, Exh. 19) and on March 29, 2011, the Washington Supreme Court denied the

3    motion to modify (*id.*, Exh. 20). The Washington Court of Appeals issued a certificate of

4    finality on April 29, 2011. *Id.*, Exh. 21.

5         On September 1, 2011, Kolesnik filed his petition for writ of habeas corpus under

6    28 U.S.C. § 2254 in this Court. Dkt. 5. On January 31, 2012, the magistrate judge issued

7    an R&R recommending that Kolesnik's petition be dismissed. On February 15, 2012,

8    Kolesnik filed objections to the R&R. Dkt. 31. On March 19, 2012, the Court requested

9    a response to the objections from Glebe. Dkt. 32. On March 28, 2012, Glebe filed a

10   response.

11                                **III. DISCUSSION**

12   **A.    Standard**

13        A habeas corpus petition shall not be granted with respect to any claim adjudicated

14   on the merits in the state courts unless the adjudication either (1) resulted in a decision

15   that was contrary to, or involved an unreasonable application of, clearly established

16   federal law, as determined by the Supreme Court; or (2) resulted in a decision that was

17   based on an unreasonable determination of the facts in light of the evidence presented to

18   the state courts. 28 U.S.C. §2254(d). Under the "contrary to" clause, a federal habeas

19   court may grant the writ if the state court arrives at a conclusion opposite to that reached

20   by the Supreme Court on a question of law or if the state court decides a case differently

21   than the Supreme Court has on a set of materially indistinguishable facts. *Williams v.*

22   *Taylor*, 529 U.S. 362, 412-413 (2000). Under the "unreasonable application" clause, a

1   federal habeas court may grant the writ if the state court identifies the correct governing

2   legal principle from this Court's decisions but unreasonably applies that principle to the

3   facts of the prisoner's case. *Id*.

4        A determination of a factual issue by a state court shall be presumed correct, and

5   the applicant has the burden of rebutting the presumption of correctness by clear and

6   convincing evidence.  28 U.S.C. §2254(e)(1).  Further, if the factual basis for the claims

7   in a habeas petition has not been adequately developed in state court, an evidentiary

8   hearing may not be held unless the claim (1) relies on a new rule of constitutional law,

9   made retroactive to cases on collateral review by the Supreme Court that was previously

10  unavailable, or a factual predicate that could not have been previously discovered through

11  the exercise of due diligence; and (2) the facts underlying the claim would be sufficient to

12  establish by clear and convincing evidence that but for constitutional error, no reasonable

13  fact finder would have found the applicant guilty of the underlying offense.  28 U.S.C.

14  §2254(e)(2).

15  **B.**    **Kolesnik's Ineffective Assistance Claim**

16       As an initial matter, the Court notes that Kolesnik argues that the Magistrate Judge

17  erred in stating that his petition was "denied" by the Washington Supreme Court, rather

18  than "dismissed."  Dkt. 31 at 2 (citing Dkt. 30 at 4).  The Court notes to the extent there is

19  a distinction, the Washington Supreme Court "dismissed" Kolesnik's petition.

20       First, the Court concludes that the Magistrate Judge did not err in denying

21  Kolesnik an evidentiary hearing.  Kolesnik does not rely on a new rule of law, nor has he

22  shown that the facts underlying his claims would be sufficient to establish by clear and

1    convincing evidence that, but for constitutional error, no reasonable fact finder would

2    have found him guilty.  Accordingly, the Court concludes that an evidentiary hearing is

3    unnecessary.

4          Next, Kolesnik objects to the R&R, arguing primarily that § 2254(d) does not

5    apply because the Washington courts did not adjudicate his claim on the merits.  Dkt. 31.

6    The Court concludes that the state courts did adjudicate Kolesnik's claim on the merits

7    as, at each level, the opinions stated that Kolesnik failed to meet the standard under

8    *Strickland v. Washington*, 466 U.S. 668 (1984), to prevail on his ineffective assistance of

9    counsel claim.  Dkt. 15, Exhs. 2, 9, 15 & 18.  Therefore, § 2254(d) applies because

10   Kolesnik's claim was adjudicated on the merits by the Washington courts.

11         Kolesnik has failed to show the decision of either the Washington Court of

12   Appeals or the Washington Supreme Court was the result of an unreasonable application

13   of federal law or was based on an unreasonable determination of the facts.  *See* 28 U.S.C.

14   § 2254(d).  Both on direct appeal and in reviewing his personal restraint petition, the state

15   courts concluded that Kolesnik's claim for ineffective assistance of counsel failed under

16   the two-part standard for evaluating such claims.  First, Kolesnik was required to show

17   that his counsel's representation was so deficient that it "fell below an objective standard

18   of reasonableness."  *Strickland v. Washington*, 466 U.S. at 686.  Second, Kolesnik had to

19   show that the deficient representation prejudiced the defense so "as to deprive the

20   defendant of a fair trial, a trial whose result is unreasonable."  *Id*.  As the Magistrate

21   Judge points out in the R&R, the Washington Court of Appeals, after rejecting

22

1  Kolesnik's claim on direct appeal, again rejected Kolesnik's claim in reviewing his PRP,

2  stating:

3       Kolesnik had undergone both a competency evaluation and an examination
         by the State.  He does not show that his counsel's decision not to retain a
4        defense mental health expert was deficient performance.  And even if it
         was, he does not show a reasonable probability that the result of his trial
5        would have been different had his counsel retained a defense mental health
         expert.  He fails to demonstrate ineffective assistance of counsel.
6
   Dkt. 15, Exh. 15 at 1-2.
7
8        The Court concludes that Kolesnik has failed to show that the Washington Court

9  of Appeals, the Washington Supreme Court, or the Magistrate Judge, erred in concluding

10 that his ineffective assistance of counsel claim is without merit.  Kolesnik failed to show

11 that his counsel's choice not to retain a separate mental health expert fell below an

12 objective standard of reasonableness, or even if it did, that there was a reasonable

13 probability that the result of the trial would have been different.

14 **C.     Certificate of Appealability**

15       Under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b), a

16 petitioner may not appeal the final order in a habeas corpus proceeding in which the

17 detention complained of arises out of a state court proceeding or in a proceeding under 28

18 U.S.C. § 2255 unless the district court or the Ninth Circuit issues a certificate of

19 appealability identifying the particular issues that may be pursued on appeal.  *United*

20 *States v. Asrar,* 116 F.3d 1268, 1270 (9th Cir. 1997).

21       To obtain a certificate of appealability, a petitioner must make a substantial

22 showing of the denial of a constitutional right. A petitioner must also demonstrate that

reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the Court concludes that Kolesnik has filed to make a substantial showing of the denial of a constitutional right.  In addition, he has failed to show that reasonable jurists could agree that his petition should have been resolved in a different manner. Accordingly, the Court concludes that Kolesnik is not entitled to a certificate of appealability.

## IV. ORDER

Therefore, it is hereby **ORDERED** as follows:

(1) The R&R (Dkt. 30) is **ADOPTED**;

(2) Kolesnik's petition (Dkt. 1) is **DISMISSED**; and

(3) Kolesnik is not entitled to a certificate of appealability.

Dated this 10th day of March, 2012.

BENJAMIN H. SETTLE
United States District Judge